David A. Menken, Esq. Informal Opinion Village Attorney No. 99-21 Village/Town of Mount Kisco 104 Main Street Mount Kisco, New York 10549
Dear Mr. Menken:
You have requested an opinion as to whether a member of the Board of Trustees of the Village/Town of Mount Kisco ("Mount Kisco") should recuse herself from participating in a disciplinary proceeding brought by the Mount Kisco Police Department in which her son may be called as a witness. We conclude that she should.
Section 5711-q of the Unconsolidated Laws governs the employment of village police officers as well as the establishment, organization and operation of police departments in all villages in Westchester County.See, Unconsolidated Laws § 5711-q(1). Pursuant to section 5711-q, members of village boards of trustees serve as police commissioners.Id., § 5711-q(2). In this capacity, the trustees preside over all disciplinary proceedings for police officers. Id., § 5711-q(9).
You have informed us that the Chief of Police of the Mount Kisco Police Department may charge one or more officers with misconduct. These charges must be heard in a disciplinary proceeding brought before at least a majority of the Board of Trustees. Id. You have also informed us that one of the trustees has a son who is a patrol officer in the Mount Kisco Police Department. Although this officer is not one of the officers who may be charged, he may be called as a witness in the disciplinary proceeding.
In the situation you present, the Trustee may not be able to make an impartial judgment solely in the public interest if her son is called as a witness. Although State law does not prohibit persons from serving in the same governmental unit because they are related by consanguinity or family, public officers have responsibility to exercise their official duties solely in the public interest. Op Atty Gen (Inf) No. 96-17. Therefore, public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest. Even the appearance of impropriety should be avoided in order to maintain public confidence in government.
As a trier of fact, the Trustee must weigh the credibility of all witnesses. See, Kerr v. Kerr, 56 A.D.2d 567 (1st Dept 1977). While the Trustee may believe that she can weigh the credibility of her son fairly and reach an impartial judgment solely in the public interest, there is no objective way to verify this. We believe there is at least an appearance of impropriety under these circumstances. Accordingly, we believe that the possibility that the Trustee's son may be called as a witness and the necessity that the trier of fact evaluate fairly all witnesses, require the Trustee to recuse herself.
You have also asked our opinion regarding the scope of the Trustee's recusal. We have found that members of local legislative bodies with conflicts of interests in a particular matter before the body should recuse themselves from taking any actions with respect to that matter. Op Atty Gen (Inf) No. 95-2. In our opinion, the Trustee's participation in deliberations has the potential to influence other Trustees who will exercise a vote with respect to the matter in question. Further, the mere presence of the Trustee at such deliberations holds the potential of influencing other Trustees. See, id. Thus, it is our belief that the Trustee should not participate in or be present at the hearing, any deliberations, including deliberations conducted during an executive session of the Board of Trustees, or the determination of the disciplinary proceeding brought by the Mount Kisco Police Department.
We conclude that a member of the Board of Trustees of the Village/Town of Mount Kisco should recuse herself from participating in all respects in a disciplinary proceeding brought by the Mount Kisco Police Department in which her son may be called as a witness.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
YVONNE M. HOVE, Assistant Attorney General